# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ELSIE DALOPE,

        Plaintiff(s),

v.

CHANEL, INC.,

        Defendant(s).

Case No. 2:17-cv-02700-GMN-VCF

FIRST ORDER TO SHOW CAUSE

     This case is assigned to the Court's early neutral evaluation program. Docket No. 4. As a result, on November 16, 2017, the Court set an early neutral evaluation and ordered that personal appearance was required by, *inter alia*, "[a]ll individual parties." Docket No. 11 at 1. At the specific request of both parties, on December 1, 2017, the Court rescheduled the early neutral evaluation for January 30, 2018. Docket No. 16; *see also* Docket No. 12 (stipulation to reschedule ENE for January 30, 2018).[1] Two months later and a few hours before the early neutral evaluation was scheduled to commence, Plaintiff's counsel notified chambers that his client was in the Philippines and therefore would not appear as ordered. *See* Docket No. 22.

     "Orders are not suggestions or recommendations, they are directives with which compliance is mandatory." *Burrage-Simon v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 5224885, at \*2 (D. Nev. Sept.

---

[1] On January 23, 2018, Plaintiff's counsel represented to the Court that Plaintiff would be attending the early neutral evaluation. ENE Statement at 1.

8, 2015). Non-compliance with orders setting alternative dispute resolution sessions held by the Court can subject the violators to serious sanctions, up to and including case-dispositive sanctions. *See id.*; *see also* Fed. R. Civ. P. 16(f)(1); Fed. R. Civ. P. 41(b); Local Rule IA 11-8(a), (d).

Plaintiff is hereby **ORDERED** to show cause in writing, no later than February 13, 2018, why this case should not be dismissed. Plaintiff and Plaintiff's counsel (Leslie Mark Stovall and Richard Waltjen) are further **ORDERED** to show cause in writing, no later than February 13, 2018, why they should not pay Defendant's attorneys' fees and costs,[2] as well as a Court fine of up to $10,000 each. Lastly, Plaintiff, Mr. Stovall, and Mr. Waltjen are **ORDERED** to show cause in writing, no later than February 13, 2018, why they should not pay for private mediation in its entirety, as a substitute to the now-vacated early neutral evaluation.[3]

In responding to this order to show cause, Ms. Dalope shall file a declaration identifying with particularity when she made her travel arrangements, whether and when she was given notice of the early neutral evaluation and the requirement that she appear, and whether she told her attorneys that she was available to appear today for the early neutral evaluation (as represented to the Court at Docket No. 12 at 2). Ms. Dalope's declaration shall attach as exhibits true and accurate copies of documents evidencing her travel, such as her airline ticket. In responding to this order to show cause, Mr. Stovall and Mr. Waltjen shall file separate declarations identifying with particularity the notice they (or their staff) provided to Plaintiff regarding today's early neutral evaluation and the circumstances of their discovery of her unavailability. Ms. Dalope, Mr. Stovall, and Mr. Waltjen may also include any other information in their responses that they deem appropriate.

---

[2] Fees and costs may be ordered on "the party, its attorney, or both." Fed. R. Civ. P. 16(f).

[3] Given the circumstances, the Court is not inclined to expend further resources by again rescheduling the early neutral evaluation for a future date. *See* Local Rule 16-6(c) ("The evaluating magistrate judge . . . may exempt any case from early neutral evaluation on the judge's own motion"). At the same time, Defendant has been deprived of the opportunity to participate in an early neutral evaluation through no fault of its own.

1 | To the extent it wishes to do so, Defendant may file its own response by February 16, 2018.
2 | IT IS SO ORDERED.
3 | DATED: January 31, 2018

_____
Nancy J. Koppe
United States Magistrate Judge