**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| ELSIE DALOPE, | ) | |
|                 Plaintiff(s), | ) | Case No. 2:17-cv-02700-GMN-VCF |
| v. | ) | ORDER |
| CHANEL INC., | ) | |
|                 Defendant(s). | ) | |

Pending before the Court are two orders to show cause arising out of Plaintiff's non-appearance at the early neutral evaluation scheduled for January 30, 2018. Docket Nos. 24, 25. Plaintiff and her attorneys filed responses. Docket Nos. 26, 27. Defendant filed a response. Docket No. 29. The Court heard some representations on this issue on January 30, 2018, *see* Docket No. 23, *see also* Docket No. 28 (transcript), and finds the matter properly resolved without a further hearing, *see* Local Rule 78-1.

## I.   FACTUAL BACKGROUND

This case is assigned to the Court's early neutral evaluation program. Docket No. 4. As a result, on November 16, 2017, the Court set an early neutral evaluation and ordered that personal appearance was required by, *inter alia*, "[a]ll individual parties." Docket No. 11 at 1. At the specific request of both parties, on December 1, 2017, the Court rescheduled the early neutral evaluation for January 30, 2018. Docket No. 16; *see also* Docket No. 12. Two months later and a few hours before the early neutral evaluation was scheduled to commence, Plaintiff's counsel notified chambers that his client was in the Philippines and therefore would not appear as ordered. *See* Docket No. 22. As a result, Plaintiff and her counsel violated the Court's clear order, resulting in the vacation of the early neutral evaluation. *See* Docket No. 23.

Notwithstanding the above, on November 30, 2017, attorney Leslie Mark Stovall represented to the Court that Plaintiff was "available" for an early neutral evaluation on January 30, 2018. Docket No. 12 at 2 ("The parties are available and propose the following dates for the Court's consideration to reschedule the ENE session: January 30, 2018 . . ."). In addition, on January 23, 2018, attorney Richard Waltjen represented to the Court in an early neutral evaluation statement that the individuals attending the early neutral evaluation included "Elsie Dalope, Plaintiff." ENE Statement at 1.

Given the circumstances, the Court issued two orders to show cause. First, the Court ordered Plaintiff, Mr. Stovall, and Mr. Waltjen to show cause why sanctions should not be imposed for violating the Court's order that Plaintiff appear for the early neutral evaluation. Docket No. 24. Second, the Court issued an order for Mr. Stovall, and Mr. Waltjen to show cause why sanctions should not be imposed for their misrepresentations to the Court as to Plaintiff's availability to appear for the early neutral evaluation. Docket No. 25.

## II.     FIRST ORDER TO SHOW CAUSE

The first order to show cause is premised on the failure to comply with a clear order of the Court. Orders are not suggestions or recommendations, they are directives with which compliance is mandatory. *See, e.g.*, *Chapman v. Pacific Tel. & Tel. Co.*, 613 F.2d 193, 197 (9th Cir. 1979); *see also Weddell v. Stewart*, 261 P.3d 1080, 1085 & n.9 (Nev. 2011). There are several sources of legal authority by which federal courts enforce their orders. Most pertinent here, Rule 16(f) of the Federal Rules of Civil Procedure requires compliance with any "scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Rule 16(f) also expressly provides for the imposition of sanctions when attorneys or parties fail to appear at a court-ordered conference. Fed. R. Civ. P. 16(f)(1)(A). Hence, when attorneys or parties fail to comply with an order to appear at a settlement conference, Rule 16(f) is triggered. *See, e.g.*, *Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990).[1]

Rule 16(f) is "broadly remedial and its purpose is to encourage forceful judicial management." *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986) (per curiam). Rule 16(f) applies

---

[1] The Court herein focuses its attention on Rule 16(f), but notes that sanctions would also be appropriate under Local Rule IA 11-8 and Rule 41(b) of the Federal Rules of Civil Procedure.

regardless of whether the non-compliance with the court order was intentional. *See, e.g.*, *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001). Similarly, "[i]t is firmly established that sanctions may be imposed for a party's unexcused failure to comply with a Rule 16 order, even if that failure was not made in bad faith." *Hologram USA, Inc. v. Pulse Evolution Corporation*, Case No. 2:14-cv-0772-GMN-NJK, 2016 WL 2757377, at *2 (D. Nev. May 11, 2016) (Navarro, C.J.) (collecting cases).

When a court determines that Rule 16(f) has been triggered, it has broad discretion in fashioning an appropriate sanction. *See, e.g.*, *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1397 (9th Cir. 1993). Violations of orders are "neither technical nor trivial," *Martin Family Trust v. Heco/Nostalgia Enters. Co.*, 186 F.R.D. 601, 603 (E.D. Cal. 1999), and can have severe ramifications. Rule 16(f) itself provides that courts may issue "any just orders," including those authorized by Rule 37(b)(2)(A)(ii)-(vii), which include the initiation of contempt proceedings and entry of case-dispositive sanctions. *See* Fed. R. Civ. P. 16(f)(1). While not expressly enumerated, the imposition of court fines is within the scope of the "just orders" permitted by Rule 16(f). *See, e.g., Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595-96 (8th Cir. 2001). In determining the appropriate sanction, a primary objective is to deter similar misconduct. *See, e.g.*, *Martin Family Trust*, 186 F.R.D. at 604.[2]

In this case, Mr. Stovall concedes that he should be required to pay the attorneys' fees incurred by Defendant for the failure of Plaintiff to appear at the early neutral evaluation. Docket No. 26 at 4-5. The Court agrees that Defendant should recover its fees. Defendant has filed a declaration identifying $4,847 in fees expended on the vacated early neutral evaluation session. Docket No. 29-2. Plaintiff has not challenged the reasonableness of those fees, and the Court finds them to be reasonable. The Court therefore **ORDERS** Mr. Stovall to pay Defendant $4,847 in attorneys' fees.

---

[2] Early neutral evaluations are held by evaluating magistrate judges who are not otherwise assigned to the case. *See* Local Rule 16-6. The evaluating magistrate judge issues the orders governing the early neutral evaluation and, "[a]s a corollary, the evaluating magistrate judge is also tasked with enforcing her orders arising out of the early neutral evaluation process." *Gfeller v. Doyne Med. Clinic, Inc.*, Case No. 2:14-cv-01940-JCM-VCF, 2015 WL 5210392, at *8 (D. Nev. Sept. 3, 2015).

Mr. Stovall argues that the sanctions imposed should be limited to those attorneys' fees and argues, *inter alia*, that the imposition of a court fine is improper. Docket No. 26 at 5-6. Mr. Stovall contends that a showing of recklessness, gross negligence, or willful misconduct is required to assess a court fine. *Id.* As a threshold matter, the case cited by Mr. Stovall involves the imposition of sanctions for violations of the local rules. *See Zambrano v. City of Tustin*, 885 F.2d 1473, 1480 (9th Cir. 1989) ("[A]bsent grossly negligent, reckless, or willful conduct, monetary penalties such as jury costs or judicial sanctions cannot be fairly levied against counsel for violation of the local rules" (emphasis added)). Mr. Stovall cites no case law applying the standard he urges in the context of Rule 16(f) sanctions for violating a clear court order, and the case law in that context appears to be to the contrary. *See, e.g.*, *Martin Family Trust*, 186 F.R.D. at 604 (imposing court fine after discussing numerous cases and legal treatises rejecting requirement of willfulness or recklessness). At any rate, a court fine is appropriately imposed in this case even under the standard proposed by Mr. Stovall. Mr. Stovall has been sanctioned previously for violating a similar order regarding attendance at a settlement conference. *See Burrage-Simon v. State Farm Mut. Auto. Ins. Co.*, Case No. 2:14-cv-00429-GMN-NJK, 2015 WL 5224885 (D. Nev. Sept. 8, 2015). Notwithstanding those sanctions, Mr. Stovall in this case failed to take the basic steps required to ensure his client's attendance as ordered. Indeed, neither Mr. Stovall nor his staff over whom he has responsibility[3] ever contacted Plaintiff about her required appearance in Court despite affirmatively representing to the Court that she was available and would be attending. *See* Docket No. 26-4 at ¶ 2 (declaration of Plaintiff, attesting that "I was not asked by my attorney or any of their [sic] staff members about my availability for the Early Neutral Evaluation"). Compounding that error, Mr. Stovall and his staff appear to have had no communication of any kind with Plaintiff throughout this period. As Defendant points out, even the most minimal communication between Mr. Stovall (or his staff) and his client would have avoided this entire situation. Docket No. 29 at 3-4. At

---

[3] Mr. Stovall's position is not entirely consistent. On the one hand, he acknowledges that he is responsible for the shortcomings of his staff. Docket No. 26 at 5. On the other hand, he implies that the failure of anyone to contact Plaintiff as to her required Court appearance is excused because his paralegal stated to Mr. Stovall that "everyone" is available on the stipulated date. Docket No. 26-1 at ¶ 38. At the end of the day, however, no one contacted Plaintiff and Mr. Stovall "assumed that [his staff] had actually spoken to the plaintiff and confirmed her availability for the [stipulated] dates." *Id.*

best, Mr. Stovall acted recklessly and with gross negligence, and a court fine is appropriate to deter similar misconduct in the future. Given the circumstances of this case, the Court **ORDERS** Mr. Stovall to pay a $1,000 court fine.

While Mr. Stovall has accepted full responsibility for violating the early neutral evaluation order, his associate Mr. Waltjen also shares in the responsibility for that violation. The response to the order to show cause represents that Mr. Waltjen is an inexperienced attorney new to federal district court practice. Docket No. 26 at 7. "We expect an attorney practicing law in federal court to become familiar with and follow rules applicable to practice in this court." *Dela Rosa v. Scottsdale Memorial Health Sys., Inc.*, 136 F.3d 1241, 1244 (9th Cir. 1998). To ensure that similar issues do not repeat themselves, the Court hereby **ORDERS** Mr. Waltjen to read the local rules in their entirety and to attend a continuing legal education course specific to federal litigation practice.

Except as otherwise outlined herein, the first order to show cause is **DISCHARGED**. The Court **CAUTIONS** Plaintiff, Mr. Stovall, and Mr. Waltjen that they are all required to strictly comply with Court orders moving forward.[4] **FAILURE TO DO SO MAY RESULT IN THE IMPOSITION OF SANCTIONS, UP TO AND INCLUDING CASE-DISPOSITIVE SANCTIONS.**

### III.    SECOND ORDER TO SHOW CAUSE

The second order to show cause involves false representations to the Court by Mr. Stovall and Mr. Waltjen that Plaintiff was available and would be attending the early neutral evaluation. Docket No. 27. The Court finds the response to the order to show cause entirely unpersuasive. Nonetheless, the Court declines to impose sanctions for these misrepresentations given the sanctions imposed above. Mr. Stovall and Mr. Waltjen are **CAUTIONED** that they are required to undertake a reasonable inquiry into the factual representations they make to the Court and the Court finds that they did not do so with respect to the representations at issue. **FAILURE TO COMPLY WITH THIS REQUIREMENT MOVING FORWARD MAY RESULT IN THE IMPOSITION OF SIGNIFICANT SANCTIONS.**

---

[4] Although the Court is not sanctioning Plaintiff herself, the Court shares the concerns expressed by Defendant that Plaintiff must diligently participate in the case that she has chosen to file. *See* Docket No. 28 at 8; Docket No. 29 at 3-4.

5

## IV.  CONCLUSION

For the reasons discussed more fully above, the Court hereby **ORDERS** as follows:

- Mr. Stovall shall pay Defendant's attorneys' fees in the amount of $4,847 within 14 days of the issuance of this order;

- Mr. Stovall shall pay a fine of $1,000 within 14 days of the issuance of this order, made payable to the "Clerk, U.S. District Court";

- Mr. Stovall shall file a certificate of compliance within 21 days of the issuance of this order;

- Mr. Waltjen shall read the local rules in their entirety and attend a continuing legal education course specific to federal litigation practice;

- Mr. Waltjen shall file a certificate of compliance within 30 days of the issuance of this order;

- Plaintiff, Mr. Stovall, and Mr. Waltjen are all cautioned that strict compliance with the Court's orders is required moving forward, and that failure to do so may result in the imposition of sanctions, up to and including case-dispositive sanctions;

- Mr. Stovall and Mr. Waltjen are cautioned that they must undertake a reasonable inquiry with respect to all factual representations to the Court, and that failure to do so may result in the imposition of significant sanctions;

- The Court declines to reschedule the early neutral evaluation in this case or to require the parties to attend private mediation, but nothing herein prevents the parties from conducting informal settlement discussions; and

- In all other respects, the orders to show cause are discharged, and this case returns to the normal litigation track.

IT IS SO ORDERED.

DATED: February 28, 2018

NANCY J. KOPPE
United States Magistrate Judge

6